UNITED STATES of America
v.
Kenneth BORNSTEIN.
Crim. No. 56–44.

United States District Court
D. Massachusetts.
July 2, 1956.

Anthony Julian, U. S. Atty., George H. Lewald, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Harry Bergson, Jr., Aaron Bronstein, Joseph Wolbarsht, Boston, Mass., for defendant.

FORD, District Judge.

In each of the fifteen counts of this information, defendant is charged with having knowingly solicited, accepted and received a rebate from a common carrier. At the end of each count appears the citation "(Title 49, Section 322(c), U.S.C.)". The section thus cited pro-vides, among other things, a penalty for any person "who shall knowingly offer, grant, or give, or solicit, accept, or receive any rebate, concession, or discrimination in violation of any provision of this chapter, * * *." The chapter is Chapter 8 of Title 49, Interstate Commerce Act, Part II, Motor Carriers, 49 U.S.C.A. § 301 et seq.

Clearly, this implies that the rebate, concession or discrimination involved must have been in violation of some other section in order to be punished under § 322(c). What defendant asks in this motion for particulars is that the government designate the section alleged to have been violated. It is the designation of this section and not the section providing the penalty that is required by Rule 7, F.R.Crim.P. 18 U.S.C.A.

The government's only contention is that, since there is a comma after the word "concession" the words "in violation of any provision of this chapter" refer only to "discrimination" and not to "rebate" or "concession". Such a reading would produce an absurd result. Under it the section would provide a punishment for giving or receiving any discrimination only when it violated this chapter of the code, but would make the giving or receiving of a rebate or concession punishable in any event, whether or not it had anything to do with motor carriers, and even when it involved matters wholly beyond the jurisdiction of the Federal government. Clearly, the only logical reading is that the rebates and concessions referred to are those which are denounced by part II of the Interstate Commerce Act.

Defendant's motion is allowed and the government, as to each count of the information, will designate by official or customary citation the statute, rule, regulation, or other provision of law which the defendant is alleged therein to have violated.